IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NUMBER:

Next Insurance US Company,

Plaintiff,

v.

Ocean Homes, LLC, Joseph N. Cooke, Kyla Cooke, and LN Contractors & Trading, LLC,

Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Next Insurance US Company, seeking a declaration of rights from this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, alleges as follows:

**PARTIES**

1. Plaintiff Next Insurance US Company ("Next") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

2. Defendant Ocean Homes, LLC ("Ocean Homes") is a limited liability company organized and existing under the laws of the State of South Carolina and, upon information and belief, its member(s) are citizens of the State of South Carolina.

3. Upon information and belief, Defendant Joseph N. Cooke is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant Kyla Cooke is a citizen and resident of Charleston County, South Carolina.

5. Defendant LN Contractors & Trading, LLC ("LN") is a limited liability company organized and existing under the laws of the State of South Carolina. Upon information and belief, its member is a citizen of Brazil.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. The District of South Carolina, Charleston Division, is the proper venue under 28 U.S.C. § 1391(b)(1)–(2) and Local Civ. Rule 3.01(A)(1) (D.S.C.), because a substantial part of the events or omissions giving rise to the claim occurred within this district and division; and the Underlying Lawsuit giving rise to the claims at issue is pending in the Charleston County Court of Common Pleas.

8. There is an actual controversy between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

### Insurance Policy

9. Next issued Commercial General Liability insurance policy number NXT577PCT7-01-GL ("the Policy") (**Exhibit A**) to the Named Insured, "Lauro Rosa LN Contractors & Trading LLC," for the policy period of July 12, 2022, to July 12, 2023.

10. The Policy's Commercial General Liability Declarations state that the Policy affords coverage with a $1,000,000 "each occurrence" limit, a $2,000,000 General Aggregate Limit, a $2,000,000 Products/Completed Operations Aggregate Limit, and a $100,000 Damage to Premises Rented to You limit.

11. The Business Description on the Policy is "General Contractor" with coverage limited to "Contractors – Subcontracted Work – Family Dwellings."

12. The Policy states, in pertinent part, "Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered."

13. The Policy's Commercial General Liability Coverage Form states, in pertinent part, that for Coverage A – Bodily Injury and Property Damage Liability, Next "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and Next "will have the right and duty to defend the insured against any 'suit' seeking those damages."

14. Per the Policy, Coverage A applies to "property damage" only if it is caused by an "occurrence."

15. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

16. The Policy contains Endorsement NXT-A01 GL SC 0118, the South Carolina Occurrence Endorsement, which amends the definition of "occurrence" to include "'property damage' or 'bodily injury' resulting from faulty workmanship, exclusive of the faulty workmanship itself."

17. The Policy contains Exclusion l. ("Damage To Your Work") which excludes coverage for "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

18. The Policy contains Endorsement CG 22 94 10 01 ("Exclusion – Damage To Work Performed By Subcontractors On Your Behalf"), which replaces Exclusion l. with the

following: "This insurance does not apply to: l. Damage To Your Work 'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" As endorsed, the standard exception for work performed by subcontractors on the insured's behalf is deleted in its entirety, and there is no exception to Exclusion l.

19. The Policy contains Endorsement CG 21 53 01 96 ("Exclusion – Designated Ongoing Operations"), which adds the following exclusion to Coverage A: "This insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." The Schedule to this endorsement lists, among other designated operations: "Exterior work more than 6 feet below ground or 30 feet (3 stories) above ground."

20. The Policy contains Endorsement NXUS-GL-2020.2-1219 ("Limitation of Coverage to Business Description"), which limits coverage to "bodily injury" or "property damage" that "is caused by or results from the business described in the Schedule." The Schedule designates: "Contractors – Subcontracted Work – Family Dwellings."

21. The Policy contains Endorsement NXUS-GL-2074.2-1120 ("Contractor/Sub-Contractor Insurance Requirements"), which bars coverage for any "occurrence" arising out of a sub-contractor's work unless that sub-contractor: (1) is operating pursuant to a written agreement with the insured; (2) has commercial general liability insurance naming the insured as an additional insured with equal or greater limits; and (3) provides a valid certificate of insurance to the insured.

22. The Policy contains Endorsement NXUS-GL-2105.2-1120 ("Operations Involving Open Roofs Exclusion"), which excludes: "'Property damage' arising out of any

insured's failure to: (1) Cover all 'open roofs' if the roof is or is to be left immediately and directly unattended by an insured or an 'employee', director, officer, owner or subcontractor of the insured; and (2) Take 'adequately effective action': (a) To determine adverse weather; and (b) To apply temporary waterproof covering that protects the building, structure or other property from damage by rain, hail, snow, or any other form of precipitation."

**The Underlying Lawsuit**

23. On or about August 24, 2023, Ocean Homes filed a Complaint in the Charleston County Court of Common Pleas captioned *Ocean Homes, LLC v. Joseph N. Cooke, Kyla Cooke, et al.*, Case No. 2023-CP-10-04173 (the "Underlying Lawsuit"), asserting breach of contract against the Cookes arising from a construction project for a custom residence located at 4 Edgewater Alley, Isle of Palms, South Carolina.

24. The Cookes counterclaimed against Ocean Homes alleging latent building defects in the subject residence, including water intrusion, HVAC failures, structural framing defects, and exterior decking failures (**Exhibit B**).

25. Upon information and belief, the subject structure stands approximately 39.9 feet above the road, per the building permit for the property. Court pleadings and claim records variously describe the residence as a three-story or four-story structure.

26. On or about January 7, 2026, Ocean Homes filed fourth-party claims (**Exhibit C**) against LN asserting negligence, breach of contract, and breach of warranties, alleging that LN performed framing, siding, window, and decking work on the subject residence.

27. LN was not originally named in the Underlying Lawsuit and was added as a Fourth-Party Defendant on or about January 7, 2026.

28. Upon information and belief, there is no written contract between Ocean Homes and LN for the work at issue.

29. Next has provided a defense to LN under a full reservation of rights in the Underlying Lawsuit.

30. Ocean Homes has demanded defense and indemnity from Next as an alleged additional insured under the Policy. The Policy includes Endorsement CG 20 33 12 19 ("Additional Insured – Owners, Lessees Or Contractors – Automatic Status When Required In A Written Construction Agreement With You"), which provides additional insured status only to persons or organizations "for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

31. Next denied Ocean Homes' tender demand on or about February 13, 2026.

## **DECLARATIONS SOUGHT**

## **FOR A FIRST DECLARATION**

32. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

33. The Policy contains Exclusion l. ("Damage To Your Work"), which excludes coverage for "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" Endorsement CG 22 94 10 01 removes the standard subcontractor exception to this exclusion entirely.

34. The Underlying Lawsuit alleges that LN performed framing, siding, window installation, and decking work on the subject residence, and the claimed damages, including

structural framing defects, siding failures, window defects, and decking failures, to the extent they constitute "property damage," are "property damage" to LN's own alleged work.

35. Next seeks a declaration from this Court that the "Damage To Your Work" exclusion, as modified by Endorsement CG 22 94 10 01, bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR A SECOND DECLARATION**

36. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

37. The Policy contains Endorsement CG 21 53 01 96 ("Exclusion – Designated Ongoing Operations"), which provides: "This insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." The Schedule designates, among other operations: "Exterior work more than 6 feet below ground or 30 feet (3 stories) above ground."

38. Upon information and belief, the subject structure stands approximately 39.9 feet above the road and may constitute a four-story residence. Upon information and belief, LN's alleged scope of work, including framing, siding, and window installation on the upper portions of the structure, exceeded both the 30-foot height threshold and the 3-story limitation set forth in the endorsement.

39. Next seeks a declaration from this Court that the Exclusion – Designated Ongoing Operations (CG 21 53) bars coverage for the claims and damages alleged against LN in the

Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR A THIRD DECLARATION**

40. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

41. The Policy contains Endorsement NXT-A01 GL SC 0118 (the "South Carolina Occurrence Endorsement"), which amends the definition of "occurrence" to include "'property damage' or 'bodily injury' resulting from faulty workmanship, exclusive of the faulty workmanship itself." Under this endorsement, an "occurrence" exists only where there is property damage to something other than the insured's own defective work. The faulty workmanship itself is excluded from both the definition of "occurrence" and the definition of covered "property damage."

42. The damages claimed against LN in the Underlying Lawsuit consist of the cost to repair and replace LN's own allegedly defective framing, siding, windows, and decking. These allegations describe the faulty workmanship itself, not property damage "resulting from" faulty workmanship to other, non-defective property. Because the allegations do not describe property damage resulting from faulty workmanship to property other than LN's own work, the claims do not constitute an "occurrence" under the South Carolina Occurrence Endorsement. For the same reason, the cost to repair or replace the faulty workmanship itself does not constitute covered "property damage" under the Policy.

43. Next seeks a declaration from this Court that the claims alleged against LN in the Underlying Lawsuit do not constitute an "occurrence" under the Policy and Endorsement NXT-A01 GL SC 0118 because they allege only the faulty workmanship itself and not property

damage resulting from faulty workmanship; that the damages alleged do not constitute covered "property damage" under the Policy; and that Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR A FOURTH DECLARATION**

44. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

45. The Policy contains Endorsement NXUS-GL-2020.2-1219 ("Limitation of Coverage to Business Description"), which limits coverage to "bodily injury" or "property damage" that "is caused by or results from the business described in the Schedule." The Schedule designates: "Contractors – Subcontracted Work – Family Dwellings." The Declarations describe LN as a "General Contractor."

46. The Policy Declarations describe LN as a "General Contractor." There is no written contract establishing that LN was operating as a subcontractor to Ocean Homes within the meaning of the Policy's business description. To the extent LN was not performing "Contractors – Subcontracted Work – Family Dwellings" as described in the Schedule, its work falls outside the scope of the covered business description and coverage is barred.

47. Next seeks a declaration from this Court that the limitation of coverage to the business description "Contractors – Subcontracted Work – Family Dwellings" bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR A FIFTH DECLARATION**

48. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

49. The Policy contains Endorsement NXUS-GL-2074.2-1120 ("Contractor/Sub-Contractor Insurance Requirements"), which bars coverage for any "occurrence" arising out of a sub-contractor's work unless that sub-contractor: (1) is operating pursuant to a written agreement with the insured; (2) has commercial general liability insurance naming the insured as an additional insured with equal or greater limits; and (3) provides a valid certificate of insurance to the insured.

50. Upon information and belief, LN employed downstream sub-contractors to perform some or all of any alleged work at issue. Upon information and belief, those sub-contractors did not operate pursuant to written agreements with LN meeting the requirements of this endorsement, did not carry commercial general liability insurance naming LN as an additional insured with equal or greater limits, and did not provide valid certificates of insurance to LN.

51. Next seeks a declaration from this Court that the Contractor/Sub-Contractor Insurance Requirements endorsement (NXUS-GL-2074.2-1120) bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR A SIXTH DECLARATION**

52. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

53. The Policy contains Endorsement NXUS-GL-2105.2-1120 ("Operations Involving Open Roofs Exclusion"), which excludes: "'Property damage' arising out of any insured's failure to: (1) Cover all 'open roofs' if the roof is or is to be left immediately and directly unattended by an insured or an 'employee', director, officer, owner or subcontractor of

the insured; and (2) Take ‘adequately effective action’: (a) To determine adverse weather; and (b) To apply temporary waterproof covering that protects the building, structure or other property from damage by rain, hail, snow, or any other form of precipitation.”

54. The Underlying Lawsuit alleges water intrusion damage to the subject residence. Upon information and belief, some or all of the alleged water intrusion may have occurred during construction before the structure was fully enclosed, during periods when open roofs and/or framing may have been exposed to the elements without adequate temporary waterproof covering.

55. Next seeks a declaration from this Court that the operations involving open roofs exclusion bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit arising from water intrusion; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR AN SEVENTH DECLARATION**

56. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

57. The Policy includes Endorsement CG 20 33 12 19 (“Additional Insured – Owners, Lessees Or Contractors – Automatic Status When Required In A Written Construction Agreement With You”), which provides additional insured status to “any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.” Upon information and belief, there is no written contract or agreement between Ocean Homes and LN requiring that Ocean Homes be added as an additional insured

under the Policy. Because the contractual predicate for additional insured status is not satisfied, Ocean Homes does not qualify as an additional insured under the Policy.

58. Next seeks a declaration from this Court that Ocean Homes does not qualify as an additional insured under Endorsement CG 20 33 12 19 or any other provision of the Policy; the Policy does not afford coverage for any claims or damages asserted by or against Ocean Homes; and Next does not have duties to defend or indemnify Ocean Homes in the Underlying Lawsuit.

**FOR AN EIGHTH DECLARATION**

59. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

60. The Policy provides a per-occurrence limit of $1,000,000, a General Aggregate limit of $2,000,000, and a Products/Completed Operations Aggregate limit of $2,000,000. The Policy also provides Contractors Errors and Omissions coverage with a sublimit of $25,000 per loss and a $50,000 aggregate. The Policy was issued for a single policy period of July 12, 2022 through July 12, 2023. There is only one policy at issue in this matter, and the limits set forth above represent the maximum coverage available under the Policy for any and all claims arising from the Underlying Lawsuit. Any assertion of $4,000,000 in available coverage is not supported by the Policy terms.

61. To the extent this Court determines that any coverage exists under the Policy for claims arising from the Underlying Lawsuit, Next seeks a declaration that the maximum coverage available is $1,000,000 per occurrence and $2,000,000 in the aggregate; that the Contractors Errors and Omissions sublimit is $25,000 per loss and $50,000 in the aggregate; and that no basis exists under the Policy for the assertion of $4,000,000 in available coverage.

**FOR A NINTH DECLARATION**

62. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

63. The Policy includes Endorsement NXUS-GL-2013.1-0218 ("Exclusion – Prior Completed and Abandoned Work"), which excludes coverage for "'Bodily injury' or 'property damage' arising out of 'your work' completed or 'abandoned' prior to the earliest inception of continuous coverage with us." The endorsement defines "abandoned" as a project on which the insured has stopped work or upon which it has not provided labor, materials or services for 60 days.

64. The Policy was issued for a single policy period of July 12, 2022 through July 12, 2023.

65. Next seeks a declaration from this Court that Endorsement NXUS-GL-2013.1-0218 bars coverage for property damage arising out of any work by LN that was completed or abandoned prior to July 12, 2022; and to the extent all of LN's work was completed or abandoned prior to that date, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**FOR AN TENTH DECLARATION**

66. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

67. The Policy includes Endorsement NXUS-GL-2021.1-0218 ("Exclusion – Non-Compensatory Damages"), which provides that the Policy "does not apply to any claim for or awards of non-compensatory damages, including, but not limited to: 1. Punitive, exemplary or multiple damages; 2. Equitable or non-pecuniary relief; or 3. Fines, penalties, court imposed

sanctions, return or restitution of legal fees, costs or other expenses associated with such awards."

68. Although the Fourth-Party Complaint against LN does not itself seek punitive damages, the Cookes' claims against Ocean Homes seek punitive damages, and Ocean Homes seeks indemnity from LN for all damages it may be required to pay. To the extent any award of punitive, exemplary, or non-compensatory damages is sought against or apportioned to LN, the Policy excludes coverage for such damages.

69. Next seeks a declaration from this Court that Endorsement NXUS-GL-2021.1-0218 bars coverage for any punitive, exemplary, multiple, or other non-compensatory damages that may be sought against or apportioned to LN in the Underlying Lawsuit.

**FOR A ELEVENTH DECLARATION**

70. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

71. The Policy contains Exclusion j.(5), which bars coverage for "'Property damage' to: (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations." The Policy also contains Exclusion j.(6), which bars coverage for property damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

72. To the extent property damage to the Property occurred while LN or subcontractors working on LN's behalf were actively performing operations at the Property, Exclusion j.(5) bars coverage for such property damage. To the extent property damage to the

Property must be repaired or replaced because LN's work was incorrectly performed on it, Exclusion j.(6) bars coverage for such property damage.

73. Next seeks a declaration from this Court that Exclusions j.(5) and j.(6) bar coverage for property damage that arose during LN's active operations or that must be repaired because LN's work was incorrectly performed; and to the extent all alleged property damage falls within these exclusions, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

**<u>FOR A TWELFTH DECLARATION</u>**

74. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

75. The Policy includes Endorsement NXUS-GL-2019.1-0218 ("Exclusion – Prior Damages"), which excludes coverage for "'Bodily injury', 'property damage', 'personal and advertising injury' and medical payments arising out of any damage, defect, deficiency, inadequacy or dangerous condition which existed prior to the inception of the policy period shown in the Declarations of this Policy, whether visible or invisible, detected or undetected, known or unknown, to any Insured before such inception date."

76. The Policy period commences July 12, 2022. Upon information and belief, some or all of the damage, defects, deficiencies, or dangerous conditions alleged in the Underlying Lawsuit existed prior to July 12, 2022.

77. Next seeks a declaration from this Court that Endorsement NXUS-GL-2019.1-0218 bars coverage for any claims arising out of damage, defects, deficiencies, or dangerous conditions that existed prior to July 12, 2022; and to the extent all alleged damages arise out of

pre-inception conditions, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

## FOR A THIRTEENTH DECLARATION

78. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

79. In addition to the aforementioned provisions of the Policy, no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit against LN.

80. Next seeks a declaration from the Court that no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit.

WHEREFORE, Next prays:

(a) that the Court issue a declaration that the "Damage To Your Work" exclusion (Exclusion l.), as modified by Endorsement CG 22 94 10 01, bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(b) that the Court issue a declaration that the Exclusion – Designated Ongoing Operations (CG 21 53) bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(c) that the Court issue a declaration that the claims alleged against LN do not constitute an "occurrence" under the South Carolina Occurrence Endorsement (NXT-A01 GL SC 0118) because they allege only the faulty workmanship itself;

that the damages alleged do not constitute covered "property damage" under the Policy; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(d) that the Court issue a declaration that the limitation of coverage to the business description "Contractors – Subcontracted Work – Family Dwellings" bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(e) that the Court issue a declaration that the Contractor/Sub-Contractor Insurance Requirements endorsement (NXUS-GL-2074.2-1120) bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(f) that the Court issue a declaration that the operations involving open roofs exclusion bars coverage for the claims and damages alleged against LN in the Underlying Lawsuit arising from water intrusion; and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(g) that the Court issue a declaration that Ocean Homes does not qualify as an additional insured under Endorsement CG 20 33 12 19 or any other provision of the Policy; the Policy does not afford coverage for any claims or damages asserted by or against Ocean Homes; and Next does not have duties to defend or indemnify Ocean Homes in the Underlying Lawsuit;

(H) to the extent this Court determines any coverage exists under the Policy for claims arising from the Underlying Lawsuit, that the Court issue a declaration that the

maximum coverage available is $1,000,000 per occurrence and $2,000,000 in the aggregate; that the Contractors Errors and Omissions sublimit is $25,000 per loss and $50,000 in the aggregate; and that no basis exists under the Policy for the assertion of $4,000,000 in available coverage;

(i) that the Court issue a declaration that Endorsement NXUS-GL-2013.1-0218 (Exclusion – Prior Completed and Abandoned Work) bars coverage for property damage arising out of work completed or abandoned prior to July 12, 2022; and to the extent all of LN's work was completed or abandoned prior to that date, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(j) that the Court issue a declaration that Endorsement NXUS-GL-2021.1-0218 (Exclusion – Non-Compensatory Damages) bars coverage for any punitive, exemplary, multiple, or other non-compensatory damages that may be sought against or apportioned to LN in the Underlying Lawsuit;

(k) that the Court issue a declaration that Exclusions j.(5) and j.(6) bar coverage for property damage that arose during LN's active operations or that must be repaired because LN's work was incorrectly performed; and to the extent all alleged property damage falls within these exclusions, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(l) that the Court issue a declaration that Endorsement NXUS-GL-2019.1-0218 (Exclusion – Prior Damages) bars coverage for any claims arising out of damage, defects, deficiencies, or dangerous conditions that existed prior to July 12, 2022; and to the extent all alleged damages arise out of pre-inception conditions, Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(m) that the Court issue a declaration that no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Next does not have duties to defend or indemnify LN in the Underlying Lawsuit;

(n) that the Court award such other relief as this Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, P.A.

By: */s/ Robert E. Kneece III*
Robert E. Kneece III, Fed. ID No.: 12351
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina 29413
Telephone: (843) 576-2829
Facsimile: (843) 843-577-1639
Email: RKneece@TurnerPadget.com

ATTORNEYS FOR NEXT INSURANCE US COMPANY

Charleston, SC

August 31, 2026